**Nelson LOPEZ–RODRIGUEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71031.

INS No. A74 787 453.

United States Court of Appeals, Ninth Circuit.

---

1. We do not consider Lopez–Escobar's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Robert H. Henry, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

Submitted June 13, 2001.\*

Decided June 15, 2001.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

Nelson Lopez–Rodriguez is a native and a citizen of Guatemala who entered the United States without inspection on or about November 19, 1989. On July 10, 1996, six years and eight months after Lopez–Rodriguez illegally entered the United States, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against him by issuing an Order to Show Cause ("OSC"). At a hearing some four months later, Lopez–Rodriguez admitted the allegations in the OSC, conceded deportability, and requested suspension of deportation. On February 2, 1998, the Immigration Judge ("IJ") denied his application for suspension of deportation because he did not have seven years of continuous physical presence in the United States prior to the commencement of deportation proceedings (the "stop-time rule"). On appeal, the Board of Immigration Appeals ("BIA") affirmed the decision of the IJ. Lopez–Rodriguez petitions for review of the decision of the BIA.

██ Lopez–Rodriguez argues that the stop-time rule imposed by § 309(c)(5) of the Illegal Immigration Reform and Immi-

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

grant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (Sept. 30, 1996) ("IIRIRA"), as modified by § 203(a) of the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub.L. No. 105–100, 111 Stat. 2160, 2196 ("NACARA"), does not apply to aliens seeking suspension of deportation when their deportation proceedings began with the issuance of an OSC. We have held to the contrary. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001) ("We hold that IIRIRA section 309(c)(5)(A) generally applies the stop-time rule to transitional rule aliens whose deportations were initiated with the service of an OSC and who seek suspension of deportation"). Thus, the IJ and BIA did not err in applying the stop-time rule to Lopez–Rodriguez.

Lopez–Rodriguez also argues that IIRIRA § 309(c)(5) is unconstitutionally vague. We disagree given our holding in *Ram*. There, we held that the legislative history underlying NACARA's amendments to § 309(c)(5)(A) made clear that there is "only one reasonable interpretation" of that provision—that it applies to cases such as Lopez–Redargue's. *See id.* With only one reasonable interpretation, IIRIRA § 309(c)(5) is not unconstitutionally vague.

■ We also reject Lopez–Rodriguez's argument that IIRIRA § 309(c)(5) violates his substantive due process and equal protection rights by changing the rules for aliens with pending applications for suspension of deportation. We held in *Ram* that Congress was entitled to retroactively change the standards for suspension of deportation. *Id.* at 517 (citing *Landgraf v.*

*USI Film Prods.*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).[1]

PETITION DENIED.

---

1. We do not consider Lopez–Rodriguez's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*.

